UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM TOZER,

       Plaintiff,

    v.

FEDERAL AVIATION ADMINISTRATION,

       Defendant.

Civil Action No. 26-0343 (TNM)

**MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

Table of Contents ..................................................................................................................... i

Table of Authorities ................................................................................................................. ii

Background ..............................................................................................................................1

Plaintiff's Allegations .............................................................................................................2

Legal Standards .......................................................................................................................3

Argument .................................................................................................................................5

      I.      Plaintiff's Claims Are Barred By the CSRA ...........................................................5

      II.     Plaintiff Has Failed To State A Claim For Which Relief Can Be Granted .............8

Conclusion ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ahuruonye v. Dep't of Interior*,
312 F. Supp. 3d 1 (D.D.C. 2018) ................................................................................................7

*Am. Postal Workers Union, AFL–CIO*,
940 F.2d 704, 708 (D.C. Cir 1991) ...........................................................................................5

*Aref v. Holder*,
774 F. Supp. 2d 147 (D.D.C. 2011) ...........................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................................4

*Bowen v. Massachusetts*,
487 U.S. 879 (1988) ...................................................................................................................8

*Brown v. GSA*,
425 U.S. 820 (1976) ...................................................................................................................7

*Bush v. Lucas*,
462 U.S. 367 (1983) ...................................................................................................................7

*Carducci v. Regan*,
714 F.2d 171 (D.C. Cir. 1983) ...............................................................................................6, 7

*Cornish v. Dudas*,
715 F. Supp. 2d 56 (D.D.C. 2010) .............................................................................................3

*Cross v. Samper*,
501 F. Supp. 2d 59 (D.D.C. 2007) .............................................................................................9

*El Rio Santa Cruz Neighborhood Health Ctr. v. HHS*,
396 F.3d 1265 (D.C. Cir. 2005) .................................................................................................8

*Elgin v. Dept. of Treasury*,
567 U.S. 1 (2012) ....................................................................................................................7, 8

*Elm 3DS Innovations LLC v. Lee*,
Civ. A. No. 16-1036, 2016 WL 8732315 (E.D. Va. Dec. 2, 2016) ...........................................8

*Ethnic Emps. of Library of Congress v. Boorstin*,
751 F.2d 1405 (D.C. Cir. 1985) .................................................................................................7

*Filebark v. U.S. Dep't of Transp.*,
555 F.3d 1009 (D.C. Cir. 2009) ..............................................................................................6, 7

*Fornaro v. Jones*,
416 F.3d 63 (D.C. Cir. 2005) ..................................................................................................6, 7

*Garcia v. Vilsack*,
563 F.3d 519 (D.C. Cir. 2009) ...................................................................................................8

*Godwin v. Sec'y of HUD*,
356 F.3d 310 (D.C. Cir. 2004) ...................................................................................................9

*Graham v. Ashcroft*,
358 F.3d 931 (D.C. Cir. 2004) ................................................................................................6, 7

*Grant v. Dep't of Treasury*,
  194 F. Supp. 3d 25 (D.D.C. 2016) ...............................................................................7
*Gray v. Office of Pers. Mgmt.*,
  771 F.2d 1504 (D.C. Cir. 1985) ...................................................................................6
*Grosdidier v. Chairman, Broad. Bd. of Governors*,
  560 F.3d 495 (D.C. Cir. 2009)..................................................................................6, 7
*Gustave-Schmidt v. Chao*,
  226 F. Supp. 2d 191 (D.D.C. 2002) ............................................................................5
*Kleiman v. U.S. Dep't of Energy*,
  742 F. Supp. 697 (D.D.C. 1990).................................................................................5
*Lacson v. Dep't of Homeland Sec.*,
  726 F.3d 170 (D.C. Cir. 2013).....................................................................................7
*Mahoney v. Donovan*,
  721 F.3d 633 (D.C. Cir. 2013)..............................................................................5, 6, 7
*Marshall v. Honeywell Tech. Solutions, Inc.*,
  675 F. Supp. 2d 22 (D.D.C. 2009) ..............................................................................3
*McCardle*,
  74 U.S. 506 (1868)......................................................................................................3
*Melendez v. Department of Homeland Security*,
  2025 WL 3190806 (C.D. Cal. Oct. 21, 2025)............................................................6
*Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*,
  839 F. Supp. 2d 40 (D.D.C. 2012) ..............................................................................3
*Nyuant v. Chairman, Broad. Bd. of Governors*,
  589 F.3d 445 (D.C. Cir. 2009)....................................................................................6
*Papasan v. Allain*,
  478 U.S. 265 (1986) ...................................................................................................4
*Perry Cap. LLC v. Mnuchin*,
  864 F.3d 591 (D.C. Cir. 2017).....................................................................................8
*Shulter v. United States*,
  531 F.3d 930 (D.C. Cir. 2008).....................................................................................3
*Sparrow v. United Air Lines, Inc.*,
  216 F.3d 1111 (D.C. Cir. 2000)...................................................................................3
*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998).......................................................................................................3
*Stewart v. Musk*,
  Civ. Action No. 25-1288 (CRC), 2026 U.S. Dist. LEXIS 28787 (D.D.C. February 11, 2026) ..7
*Sykes v. Dudas*,
  573 F. Supp. 2d 191 (D.D.C. 2008) .............................................................................4
*U.S. v. Fausto*,
  484 U.S. 439 (1988)..............................................................................................5, 7, 8
*Versata Dev. Corp. v. Rea*,
  959 F. Supp. 2d 912 (E.D. Va. 2013)...........................................................................8

**Statutes**

5 U.S.C. §2302(a)(1)..........................................................................................................7
5 U.S.C. § 701(a)(1)............................................................................................................9

5 U.S.C. § 702..............................................................................................................................5
5 U.S.C. § 704..............................................................................................................................8
5 U.S.C. § 706.........................................................................................................................1, 2
5 U.S.C. §§ 2301(b)(2)................................................................................................................5
42 U.S.C. § 3613........................................................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(1)...............................................................................................................3
Rule 12(b)(6) ...............................................................................................................................4

Defendant, the Federal Aviation Administration ("FAA"), by and through undersigned counsel, respectfully moves to dismiss the Complaint for Review of Final Agency Action Under the Administrative Procedure Act [ECF No. 1] ("Compl.") filed by Plaintiff William Tozer ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

**BACKGROUND**

Plaintiff, William Tozer, *pro se*, brings this action against the FAA, seeking review of the FAA's decision to medically disqualify him as an applicant for air traffic control specialist duties. *See* Compl., ECF No. 1, *generally*.  Plaintiff claims on December 14, 2025, he received a final decision letter from the FAA sustaining his medical disqualification after he accepted a tentative offer. *See* Compl., at ¶ 17. This lawsuit was filed on February 5, 2026. *See* Compl., *generally*.

Plaintiff's claims are brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and he alleges that the FAA's actions were arbitrary and capricious, based on a material factual error, that the FAA failed to adequately explain its decision, and that Plaintiff was not informed that absence of a drug test would be considered as part of the denial. *See* Compl., ¶¶ 18-24. For relief, Plaintiff seeks vacatur of the FAA's medical disqualification decision, remand for further consideration, a declaration that FAA's reliance on "undisclosed standards, selective use of test scores and consideration of improper factors constitutes unlawful agency action, and any costs and expenses that the Court deems reasonable." *See* Compl. ¶¶ 25-29.

Although couched as an APA claim, Plaintiff's claim is essentially a challenge to an employment action.  Plaintiff alleges that he was an applicant for an Air Traffic Control Specialist position, "which requires a medical clearance," and that the decision denying that clearance resulted in his being "denied employment" with the FAA.  Compl. ¶¶ 5, 7-8.  As discussed below, Plaintiff's claim should be dismissed because the Civil Service Reform Act ("CSRA") governs

claims challenging adverse personnel actions by government agencies and that comprehensive remedial scheme precludes a claim under the APA.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges on February 28, 2025, he applied to become an Air Traffic Control Specialist as a "pool 2" candidate. *See* Compl. ¶ 9. He completed the Air Traffic Skills Assessment on March 4, 2025. *Id*. He was notified on March 12, 2025 that he had been placed in the "well-qualified" category. *Id*. On March 18, 2025, Plaintiff received and signed a tentative offer letter. *Id*. ¶ 10. Plaintiff was required to submit medical records, complete a drug test, and take the Minnesota Multiphasic Personality Inventory ("MMPI"). *Id*. Plaintiff alleges he completed the MMPI on April 22, 2025, and completed the medical application, drug test, and physical exam by May 4, 2025. *Id*. ¶ 11. The Agency subsequently requested additional medical information and supporting documents, which Plaintiff submitted from May 28, 2025 through June 8, 2025. *Id*. ¶ 12.

Plaintiff claims that on July 28, 2025, he received a letter from a doctor with the FAA, Dr. Lynch, stating he would "be disqualified unless [he] completed a HIMS evaluation, which included neurocognitive testing." *See* Compl. ¶ 13. Plaintiff alleges he completed various other tests and another MMPI with Dr. Kay on August 8, 2025. *Id*.

Plaintiff claims on October 10, 2025, he placed a call to the regional Aerospace Medicine (AAM) office and was informed he had been medically disqualified. *See* Compl. ¶ 14. Plaintiff submitted an intent to appeal on October 13, 2025. *Id*. After an apparent extension of the appeal deadline, Plaintiff submitted an appeal letter on December 4, 2025, which was forwarded to the Federal Air Surgeon on December 9, 2025. *Id*. at ¶¶ 15-16. Plaintiff received the FAA decision letter sustaining his medical disqualification on December 14, 2025. *Id*. at ¶ 17, *see also*, Ex 1 to Compl.

Plaintiff also alleges he exhausted available administrative remedies by requesting review from the National Transportation Safety Board (NTSB). *See* Compl. at ¶ 3.  In a January 7, 2026, email, the NTSB informed Plaintiff that "our office has jurisdiction over appeals from denials of FAA certifications such as airman medical certificates pilots use, but does not have jurisdiction for anything related to FAA ATC medical qualifications. Therefore, NTSB would not be a possible venue based on the information you have provided." *Id.* Plaintiff alleges he attempted to contact the Equal Employment Opportunity Commission to raise a potential discrimination case and was told on January 26, 2026, that "upon review of your communication, it appears your matter does not fall within our function." *Id.*  ¶ 3.

### LEGAL STANDARDS

Rule 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Generally, "'[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'"  *Cornish v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)).  It is the plaintiff's burden to demonstrate subject matter jurisdiction.  *Shulter v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008).  If the plaintiff cannot meet his burden, the court must dismiss the action.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. 506 (1868)).  In considering a motion to dismiss for lack of subject matter jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule

12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accordingly, a plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Therefore, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support a plaintiff's claims for relief. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial

notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

**ARGUMENT**

**I.      Plaintiff's Claims Are Barred By the CSRA**

Under the APA, a plaintiff can generally bring a claim for non-monetary relief against the United States and its agencies. *See* 5 U.S.C. § 702. However, the APA does not grant federal courts jurisdiction to review the personnel actions of federal agencies. *See e.g.*, *Mahoney v. Donovan*, 721 F.3d 633, 634-36 (D.C. Cir. 2013).

"Chapter 75 of the CSRA sets up a series of procedural safeguards for covered employees who have suffered adverse personnel actions . . . These safeguards include [the] appeal of [a] termination decision to the Merit Systems Protection Board ['MSPB'] . . . and review by the United States Court of Appeals for the Federal Circuit." *Am. Postal Workers Union, AFL–CIO*, 940 F.2d at 708 (D.C. Cir 1991). The CSRA is a comprehensive remedial scheme that precludes judicial review to the extent not afforded by that statute. The CSRA gives both federal employees and applicants to federal positions the right to file an action with the MPSB alleging that a prohibited personnel action occurred. 5 U.S.C. §§ 2301(b)(2), 2302(a)(2)(A)(i-ii).  The CSRA:

> comprehensively overhauled the civil service system . . . creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].' It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *U.S. v. Fausto*, 484 U.S. 439, 443 (1988) (citations omitted). The CSRA remedial scheme is the "comprehensive system for reviewing  personnel action taken against federal employees." *Id.* at 455.

*Kleiman v. U.S. Dep't of Energy*, 742 F. Supp. 697, 698-99 (D.D.C. 1990).

In *Mahoney*, the D.C. Circuit affirmed the district court's dismissal of a federal employee's suit under the APA because "the Civil Service Reform Act of 1978 . . . deprived the district court

of subject-matter jurisdiction over the complaint." 721 F.3d at 634 (citing *Graham v. Ashcroft*, 358 F.3d 931, 935-36 (D.C. Cir. 2004)) (internal citation omitted). The CSRA, the court explained, "'establishes the exclusive . . . remedial regime for federal employment and personnel complaints'" and the D.C. Circuit has "repeatedly held that federal employees . . . 'may not circumvent the Act's requirements and limitations by resorting to the catchall [Administrative Procedure Act] to challenge agency employment actions." *Id.* at 635 (first quoting *Nyuant v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 448 (D.C. Cir. 2009); then quoting *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009)) (citing *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009 (D.C. Cir. 2009); *Fornaro v. Jones*, 416 F.3d 63 (D.C. Cir. 2005); *Graham*, 358 F.3d at 931; *Gray v. Office of Pers. Mgmt.*, 771 F.2d 1504, 1504 (D.C. Cir. 1985); *Carducci v. Regan*, 714 F.2d 171 (D.C. Cir. 1983)) (alteration in original). "The [CSRA] precludes suit under the Administrative Procedure Act even when the claim concerns 'a *type* of personnel action' the Act does not cover—that is, even when the Act provides no relief for the complained-of employment action." *Mahoney*, 721 F.3d at 635-36 (quoting *Filebark*, 555 F.3d at 1013) (emphasis in original).

A district court applied CSRA exclusivity to dismiss a complaint in *Melendez v. Department of Homeland Security*, 2025 WL 3190806 (C.D. Cal. Oct. 21, 2025), under analogous facts. There, the court held that an applicant for employment with a contractor of the Department of Homeland Security whose job offer was rescinded after he failed an agency background check had no recourse under the APA because "his exclusive remedy for a federal personnel action [arose] from the Civil Service Reform Act of 1978" and "even when it provides no means by which a federal employee can challenge an improper personnel action, the CSRA precludes resolution of the employee's claims in federal court." *Melendez*, 2025 WL 3190806, at *2.

Thus, as an applicant for federal employment, Plaintiff is foreclosed from pursuing his claims in this Court, because the remedial scheme provided by the CSRA is the exclusive remedy for federal employment and personnel decisions (here, the withdrawal of the job offer), except those expressly exempted by statute (such as statutes addressing claims of discrimination that are not applicable here).[1] *See, e.g., Elgin v. Dept. of Treasury*, 567 U.S. 1, 10-13 (2012); *Fausto,* 484 U.S. at 444; *Bush v. Lucas*, 462 U.S. 367, 388-90 (1983); *Mahoney v. Donovan*, 721 F.3d 633, 634-35 (D.C. Cir. 2013); *Lacson v. Dep't of Homeland Sec.*, 726 F.3d 170, 174-76 (D.C. Cir. 2013); *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009*); Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009); *Fornaro v. James*, 416 F.3d 63, 66-67 (D.C. Cir. 2005); *Graham v. Aschcroft*, 358 F.3d 931, 933-35 (D.C. Cir. 2004); and *Carducci v. Regan*, 714 F.2d 171, 172 (D.C. Cir. 1983).

The claims as currently alleged in Plaintiff's Complaint appear to potentially fall under 5 U.S.C. §2302(a)(1) (2)(A)(x). But the Court need not examine what section of the CSRA might be

---

[1] Plaintiff does not allege discrimination as the basis for his challenge to the agency's actions. Compl. ¶¶ 18-24. Title VII provides the exclusive avenue of redress for alleged federal employment discrimination. *Brown v. GSA*, 425 U.S. 820, 829 (1976). Accordingly, a federal employee may not bring any claim under the APA "for employment discrimination that is actionable under Title VII." *Ethnic Emps. of Library of Congress v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985). In other words, a "plaintiff's federal employment and discrimination and retaliation claims asserted under the APA . . . are preempted by Title VII." *Ahuruonye v. Dep't of Interior*, 312 F. Supp. 3d 1, 14 (D.D.C. 2018). The same applies as to other antidiscrimination statutes, such as the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. *See Stewart v. Musk*, No. 25-1288 (CRC), 2026 U.S. Dist. LEXIS 28787, at *10 (D.D.C. February 11, 2026), (citing to *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 30 (D.D.C. 2016) ("A plaintiff cannot challenge an administrative decision or action under the APA when there is an 'adequate remedy' against the employing agency, such as a cause of action under Title VII and the Rehab Act")).

applicable to Plaintiff's claims because  CSRA exclusivity applies even when the CSRA affords no remedy.  *U.S. v. Fausto*, 484 U.S. 439, 447-48 (1988); *Elgin*, 567 U.S. at 11 (explaining that *Fausto* holds that "the CSRA's 'elaborate' framework . . . demonstrates Congress' intent to entirely foreclose judicial review to employees to whom the CSRA *denies* statutory review").

Because the CSRA affords the exclusive remedial scheme for challenging adverse employment actions, this Court lacks jurisdiction over all of Plaintiff's APA claims.  Accordingly, the Complaint should be dismissed under Rule 12(b)(1).

## II.    <u>Plaintiff Has Failed To State A Claim For Which Relief Can Be Granted.</u>

Even were the Court to find that it has jurisdiction over Plaintiff's claims, Plaintiff's claims should be dismissed for the alternative reason that they fail to state a claim for which relief can be granted. The APA permits review of agency action, but only when "no other adequate remedy in a court" exists.  5 U.S.C. § 704.  Section 704 "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (citation modified).

The requirement that a plaintiff have "no other adequate remedy in court," *id*., reflects that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action," *id*. The "alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'" *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *El Rio Santa Cruz Neighborhood Health Ctr. v. HHS*, 396 F.3d 1265, 1272 (D.C. Cir. 2005)).

Further, a remedy may be adequate even if "the arguments that can be raised [in the alternative proceeding] are not identical to those available in an APA suit." *Elm 3DS Innovations LLC v. Lee*, Civ. A. No. 16-1036, 2016 WL 8732315, at *6 (E.D. Va. Dec. 2, 2016). If there exists an alternative adequate judicial remedy, a plaintiff lacks a cause of action under the APA. *See*

*Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017); *see also Versata Dev. Corp. v. Rea*, 959 F. Supp. 2d 912, 927 (E.D. Va. 2013) (dismissing putative APA claim under Rule 12(b)(6) because decision at issue was not a final agency action and an alternative adequate remedy existed by way of appeal to the Federal Circuit).

Fundamentally, the APA as a whole does not apply "to the extent that [other] statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Together with the Civil Service Reform Act, Title VII "provide[s] [a] comprehensive and exclusive scheme[] for the redress of employment disputes by federal employees." *Cross v. Samper*, 501 F. Supp. 2d 59, 61 (D.D.C. 2007); *see also Godwin v. Sec'y of HUD*, 356 F.3d 310, 312 (D.C. Cir. 2004) (concluding that "the private right of action [for housing discrimination] authorized by [42 U.S.C. § 3613] constitutes an adequate alternative remedy, rendering judicial review unavailable under the APA"). Accordingly, Plaintiff's Complaint should be dismissed in the alternative for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated: July 13, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____*/s/ Samantha-Josephine Baker*_____
SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Tel: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

*Attorneys for the United States of America*

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2026, I caused a copy of the foregoing Motion to Dismiss and Memorandum in Support Thereof to be served by U.S. Mail, postage prepaid, upon:

**WILLIAM TOZER, PRO SE**
21827 Inglewood Ct.
Broadlands, VA 20148
USA

*By:    /s/ Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER

- 10 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM TOZER,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>        Defendant. | Civil Action No. 26-0343 (TNM) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss and Memorandum in Support Thereof, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this matter is DISMISSED.

SO ORDERED:

_____
Date

_____
TREVOR N. MCFADDEN
United States District Judge