UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM TOZER,

       Plaintiff,

    v.

FEDERAL AVIATION ADMINISTRATION,

       Defendant.

Civil Action No. 26-0343 (TNM)

## **DEFENDANT'S MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)(1) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.*,
  271 F.3d 262 (D.C. Cir. 2001).................................................................................................2

*Banner Health v.* Sebelius,
  797 F.Supp 2d 97 (D.D.C. 2011) ..............................................................................................2

*Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*,
  235 F. Supp. 3d 79 (D.D.C. 2017) ...........................................................................................2

*Connecticut v. U.S. Dep't of Interior*,
  344 F. Supp. 3d 279 (D.D.C. 2018) ..........................................................................................2

*Mdewakanton Sioux Indians of Minn. v. Zinke*,
  264 F. Supp. 3d 116 (D.D.C. 2017) ..........................................................................................2

*PETA v. U.S. Fish & Wildlife Serv.*,
  59 F. Supp. 3d 91 (D.D.C. 2014)..............................................................................................2

## INTRODUCTION

Defendant, the Federal Aviation Administration ("FAA"), by and through undersigned counsel, moves to stay any requirement under Local Civil Rule 7(n)(1) to file a certified list of the contents of the administrative record ("AR Index") simultaneously with the filing of Defendant's Motion to Dismiss, which will be filed contemporaneously with this motion. Defendant respectfully requests that the Court stay the deadline to file the AR Index until sixty (60) days after Defendant files an answer to Plaintiff's Complaint, should an answer be necessary after the Court rules on the Defendant's Motion. Pursuant to Local Civil Rule 7(m), counsel for Defendant conferred with Plaintiff, who indicated that he agrees with the relief sought.

## ARGUMENT

This Court's Local Civil Rules require the filing of the AR Index simultaneously with any dispositive motion, including a motion under Federal Rule of Civil Procedure ("Rule") 12(b). The Local Rules state that:

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

Local Civ. Rule 7(n)(1).

This case involves claims under the Administrative Procedure Act ("APA") that actions taken by the Federal Aviation Administration ("FAA") were contrary to law, specifically, were arbitrary and capricious, based on a material factual error, that the FAA failed to adequately explain its decision, and that Plaintiff was not informed that absence of a drug test would be considered as part of the denial. *See* Comp., ¶¶ 18-24. *See generally* ECF No. 1 Complaint ("Compl."). Defendant is moving to dismiss because the Court lacks jurisdiction and Plaintiff has failed to state a claim.

The administrative record is unnecessary to resolve Defendant's dispositive motion because the motion centers on purely legal issues. Rather, the Court may decide the motion considering only the facts alleged in the Complaint, documents either attached to or incorporated by reference in the Complaint, and matters of which the Court may take judicial notice. No extrinsic evidence is required to adjudicate Defendant's motion, especially because Defendant's challenge is primarily a facial and factual challenge to jurisdiction.

The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where, as here, the record is not germane to the issues presented in the motion to dismiss. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming district court's dismissal of Plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss); *Banner Health v.* Sebelius, 797 F.Supp 2d 97, 112 (D.D.C. 2011) ("When presented with a motion to dismiss for failure to state a claim, the district court may, in appropriate circumstances, reach the merits even in the absence of the administrative record, as when the parties' arguments can be resolved with reference to nothing more than the relevant statute and its legislative history"). Courts in this district routinely grant government requests to defer the filing of a certified list of the contents of the administrative record. *See, e.g., Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014); *see also Minute Order, Friends of Animals v. Ashe*, No. 13-cv-1580-BAH (D.D.C. Dec. 23, 2013); Minute Order, *Oregonians for Floodplain Prot. v. U.S. Dep't of Commerc*e, No. 1:17-cv-

01179 (D.D.C. Sept. 4, 2017); Minute Order, *Fitzgerald v. Fed. Transit Admin.*, No. 1:14-cv-01471-RJL (D.D.C. Feb. 17, 2015); Minute Order, *U.S. Ass'n of Reptile Keepers v. Jewell*, No. 1:13-cv-02007-EGS (D.D.C. Jan. 28, 2014).

Granting Defendant's request to defer the administrative record and index here pending resolution of their motion to dismiss will conserve agency resources in the event that the Court grants dismissal of the complaint. In the event that the Court denies the Motion to Dismiss, Defendant request that they be ordered to file an AR Index, to the extent any Administrative Record exists, by no later than sixty days after the filing of Defendant's answer, or at such other time as ordered by the Court.

## CONCLUSION

For these reasons, Defendant should be excused from the requirement of Local Civil Rule 7(n) to file the certified index of the administrative record.

Dated: July 13, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:        */s/ Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Tel: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

*Attorneys for the United States of America*

- 3 -

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2026, I caused a copy of the foregoing Motion for Relief from Local Civil Rule 7(n)(1) and Memorandum in Support Thereof to be served by U.S. Mail, postage prepaid, upon:

**WILLIAM TOZER, PRO SE**
21827 Inglewood Ct.
Broadlands, VA 20148
USA

By:    */s/ Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM TOZER,

       Plaintiff,

    v.

FEDERAL AVIATION ADMINISTRATION,

       Defendant.

Civil Action No. 26-0343 (TNM)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion for Relief from Local Civil Rule 7(n)(1) and Memorandum in Support Thereof, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that the deadline for Defendant to file a certified list of the contents of the administrative record is stayed until 60 days after Defendant files an answer to Plaintiff's Complaint, should an answer be necessary after the Court rules on Defendant's Motion to Dismiss.

SO ORDERED:

_____                  _____

Date                                 TREVOR N. MCFADDEN
United States District Judge