UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM TOZER,

Plaintiff,

v.

FEDERAL AVIATION ADMINISTRATION,

Defendant.

Civil Action No. 26-0343 (TNM)

**REPLY IN SUPPORT OF MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS


Table of Contents ........ i

Table of Authorities ........ ii

Argument ........ 1

I. The Court Lacks Jurisdiction Over Plaintiff's APA Claim. ........ 1

II. Plaintiff Has Another Avenue For Relief. ........ 4

Conclusion ........ 4

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bowen v. Massachusetts*,
487 U.S. 879 (1988) .......... 4
*Carducci v. Regan*,
714 F.2d 171 (D.C. Cir. 1983) .......... 2
*Dep't of Navy v. Egan*,
484 U.S. 518 (1988) .......... 4
**Elgin v. Dept. of Treasury*,
567 U.S. 1 (2012) .......... 1, 2
**Filebark v. U.S. Dep't of Transp.*,
555 F.3d 1009 (D.C. Cir. 2009) .......... 1, 3
*Graham v. Ashcroft*,
358 F.3d 931 (D.C. Cir. 2004) .......... 2
*Moncreif v. Office of Personnel Mgmt.,*
No. 86-5010, 1987 U.S. App. LEXIS 3092 (D.C. Cir. Feb. 19, 1987) .......... 2

## Statutes

5 U.S.C. § 704 .......... 4
5 U.S.C. § 2302(a) .......... 2
49 U.S.C.S. § 40122(g)(2) .......... 1

Defendant, the Federal Aviation Administration ("FAA"), by and through undersigned counsel, hereby submits this reply in further support of its motion to dismiss this action. "Def. Mot.," ECF No. 16. Plaintiff's opposition to Defendant's motion to dismiss ("Pl's Opp'n.," ECF No. 19) fails to demonstrate that this Court has jurisdiction, or that Plaintiff has stated a claim upon which relief can be granted. For the reasons set forth in Defendant's motion and below, the Court should dismiss all counts in the Complaint.

## ARGUMENT

### I. <u>The Court Lacks Jurisdiction Over Plaintiff's APA Claim.</u>

As discussed in Defendant's motion, Plaintiff is precluded from bringing his APA claim because the remedial scheme provided by the Civil Service Reform Act ("CSRA") is the exclusive remedy for federal employment and personnel decisions. *See, e.g., Elgin v. Dept. of Treasury*, 567 U.S. 1, 10-13 (2012); Def. Mot. at 5.

In response, Plaintiff appears to challenge the CSRA's applicability by contending that "the FAA is exempt from almost all of OPM's rules." *See* Pl's Opp'n at 4. But the Court need not parse through the CSRA to assess whether Plaintiff's specific claim would be subject to review by the Merit Systems Protection Board ("MSPB"), or whether CSRA otherwise affords a remedy under the specific circumstances presented here, as Plaintiff urges in his opposition. *Id.*

Plaintiff is correct in the limited sense that certain provisions of Title 5 of the United States Code ("Title 5") generally do not apply to Federal Aviation Administration personnel. 49 U.S.C.S. § 40122(g)(2). But that still does not create a remedy for him in district court. See *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1011, 1013–15 (D.C. Cir. 2009). The preclusive effect of the CSRA on a claim under the APA is not impacted by whether CSRA affords a remedy to the employee. In *Fausto*, the Supreme Court:

> considered whether a so-called "nonpreference excepted service employe[e]" could challenge his suspension in the United States Claims Court, even though the CSRA did not then afford him a right to review in the MSPB or the Federal Circuit. Citing "[t]he comprehensive nature of the CSRA, the attention that it gives throughout to the rights of nonpreference excepted service employees, and the fact that it does not include them in provisions for administrative and judicial review contained in Chapter 75," the Court concluded that "the absence of provision for these employees to obtain judicial review" was a "considered congressional judgment." The Court thus found it "fairly discernible" that Congress intended to preclude all judicial review of Fausto's statutory claims.

*Elgin*, 567 U.S. at 10-11 (citations omitted). As explained by the Supreme Court, *Fausto* holds that "the CSRA's 'elaborate' framework . . . demonstrates Congress' intent to entirely foreclose judicial review to employees to whom the CSRA *denies* statutory review." *See Elgin*, 567 U.S. at 11 (emphasis in original); *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir. 1983) ("The point of both cases is that the exhaustive remedial scheme of the CSRA would be impermissibly frustrated by permitting, for lesser personnel actions not involving constitutional claims, an access to the courts more immediate and direct than the statute provides with regard to major adverse actions. That principle governs here."); *Graham v. Ashcroft*, 358 F.3d 931, 934 (D.C. Cir. 2004) (holding that the lack of any entitlement to judicial review in the CSRA precluded litigation of an employment matter under the APA even where the complaint did not concern "'a type of personnel action covered by the CSRA.'"); *Moncreif v. Office of Personnel Mgmt.,* No. 86-5010, 1987 U.S. App. LEXIS 3092, at *1 (D.C. Cir. Feb. 19, 1987) ("*Carducci* bars judicial review of nonconstitutional claims concerning agency personnel action outside the framework established by the Civil Service Reform Act[.]")

That Plaintiff is not an "employee" but an "applicant" (Opp'n at 4) also is of no moment. The definition of "personnel action" in the CSRA relates to "an employee in, or applicant for, a covered position in an agency." 5 U.S.C. § 2302(a). *See also Moncreif,* 1987 U.S. App. LEXIS 3092, at *3 ("Moncrief also seeks to distinguish *Carducci* by emphasizing that he was a potential

employee not of OPM but of another agency. This argument is equally unpersuasive. If the CSRA did not apply to OPM treatment of potential employees of other federal agencies, the Act's prohibitions on discrimination and arbitrary conduct toward applicants for employment would not reach the important initial steps of application for government employment[.]") Further, Plaintiff's effort to characterize the FAA's medical determination as something separate from a personnel action fails, given his own allegations that medical clearance was a condition of his ATCS appointment and that the disqualification resulted in denial of the position. *See* Opp'n at 7.

The D.C. Circuit has expressly recognized FAA's partial exemption from the CSRA and nonetheless holds that the FAA personnel framework precludes an APA action, including where the personnel scheme does not itself provide the plaintiff the review he seeks. *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1015 (D.C. Cir. 2009). As the Court explained: "To be sure, the controllers correctly point out that Congress largely exempted the FAA from the CSRA, and that we have never before had occasion to apply our preclusion cases to employees of an exempt agency. But the upshot of our precedents for this case is absolutely clear. Far from saving an APA claim, Congress's exemption of these controllers' agency from the CSRA signals the same thing as Congress's omission of the type of personnel action at issue in *Graham* or the type of employees at issue in *Fausto*--namely that Congress intended to provide these employees with no judicial review." *Id.* at 1014. In other words, the absence of a remedy under the CSRA does not mean that a remedy under the APA is available in its place.

Lastly, Plaintiff's opposition is further misplaced because it focuses on cases that have no bearing on the relevant issues. For instance, Plaintiff attempts to analogize this matter to *Egan*, which concerned a denial of a security clearance, which was deemed not to be an adverse action subject to Board review. *See* Opp'n at 4. It is well settled that decisions regarding an employee's

eligibility for a security clearance or access to classified information are not subject to judicial review. *Dep't of Navy v. Egan*, 484 U.S. 518, 528-30 (1988). Plaintiff's reliance on cases from the security clearance context is thus misplaced.

Accordingly, because Plaintiff's APA claim is precluded under the CSRA scheme, this Court lacks jurisdiction and his Complaint should be dismissed under Rule 12(b)(1).

## II. Plaintiff Has Another Avenue For Relief.

Even were the Court to find that it has jurisdiction over Plaintiff's claims, Plaintiff's claims should be dismissed for the alternative reason that they fail to state a claim for which relief can be granted. As argued in Defendant's motion, the APA permits review of agency action, but only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704, *see also* Def. Mot. at 8. Section 704 "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (citation modified). In other words, the comprehensive CSRA remedial scheme precludes an APA claim for this additional reason.

## CONCLUSION

For these reasons, and those stated in Defendant's motion, the Court should dismiss all claims in this action.

Dated: September 14, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *|s| Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530

Tel: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I caused a copy of the foregoing Reply in Support of Motion to Dismiss and Memorandum in Support Thereof to be served by U.S. Mail, postage prepaid, upon:

**WILLIAM TOZER, PRO SE**
CMB 3948
304 Henry Street
Ashland, Virginia, 23005

*By: /s/ Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER