**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WILLIAM TOZER,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL AVIATION ADMINISTRATION,**<br><br>Defendant. | Case No. 1:26-cv-00343 (TNM) |

**MEMORANDUM OPINION**

William Tozer, proceeding *pro se*, sues the Federal Aviation Administration for revoking his conditional job offer. After accepting the offer, he underwent medical testing and evaluations. The FAA determined that he was medically unfit and revoked his offer. Tozer appealed the decision through the agency, but the disqualification was sustained. Now he seeks relief from this Court, alleging that the FAA's decision violated the Administrative Procedure Act. But the Civil Service Reform Act (CSRA) provides the exclusive forum to challenge the FAA's action, so the Court lacks jurisdiction. Thus, the Complaint will be dismissed without prejudice.

**I.**

Tozer applied to be an Air Traffic Control Specialist. *See* Compl. ¶ 5, ECF No. 1. In early 2025, Tozer completed the Air Traffic Skills assessment and placed in the "Well Qualified" category. *See id.* ¶ 9. Tozer signed his tentative offer letter and received instructions on the medical clearance process. *See id.* ¶¶ 9–10. He completed various medical tests and submitted a variety of medical records. *See id.* ¶¶ 11–13. In October, he learned that he was medically

disqualified because he did not meet the "mental minimum capacity," despite his neuropsychological evaluation finding "no evidence of aeromedically significant neurocognitive deficits." *Id.* ¶¶ 14, 18.

Tozer appealed his disqualification up to the Federal Air Surgeon, but to no avail. *See id.* ¶¶ 15–17. He also tried the National Transportation Safety Board and the Equal Employment Opportunity Commission, but they told him that they did not have jurisdiction over his claim. *See id.* ¶ 3. Finally, Tozer sued here under the APA, alleging that the FAA made factual errors in his review process, failed to adequately explain its decision, and acted arbitrarily and capriciously. *See id.* ¶¶ 19, 24; 5 U.S.C. § 706(2)(A). The FAA moved to dismiss for lack of jurisdiction and failure to state a plausible claim of relief. *See* Mot. to Dismiss at 6, ECF No. 16; Fed. R. Civ. P. 12(b)(1), (b)(6).

## II.

"Federal courts are courts of limited jurisdiction" and therefore "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). So the Court must dismiss any claim over which it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). On a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). The Court accepts all of Tozer's well-pleaded allegations as true and draws all reasonable inferences in his favor. *See Nat'l Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020). And "a dismissal for want of subject-matter jurisdiction can only be without prejudice[.]" *Id.* at 1253.

In applying this standard to *pro se* litigants like Tozer, the Court must liberally construe the pleadings, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet *pro se* litigants must still comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

**III.**

Tozer invokes 28 U.S.C. § 1331 and the APA as the jurisdictional bases for relief. Compl. ¶¶ 1–3. The APA lets courts review "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. The FAA concedes that its decision was a "final" action. Mot. to Dismiss at 6. But the agency correctly points out that its decision is not the right type of "agency action." *Id.* at 6–7.

Instead, revoking an employment offer—what happened here—constitutes a "personnel action." *See Moncrief v. Office of Pers. Mgmt.*, 621 F. Supp. 963, 965–66 (D.D.C. 1985), *aff'd,* 811 F.2d 676 (D.C. Cir. 1987); 5 U.S.C. § 2302(a)(2)(A)(i). That type of claim is governed by the CSRA. *See Graham v. Ashcroft*, 358 F.3d 931, 933 (D.C. Cir. 2004)

Allocating a type of claim to the CSRA removes it from the APA's ambit. "Congress designed the CSRA's remedial scheme with care, intentionally providing—and intentionally not providing—particular forums and procedures for particular kinds of claims." *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009) (cleaned up); *see also United States v. Fausto*, 484 U.S. 439, 443–444 (1988). So the CSRA is the exclusive remedial pathway for Tozer.

That said, the FAA is largely exempt from the CSRA. *See* 49 U.S.C. § 40122(g)(2). To be sure, there are FAA-relevant claims where the CSRA still applies, including for prohibited personnel actions. *See id.*; *Whitman v. Dep't of Transp.*, 547 U.S. 512, 513–15 (2006)

(remanding to determine whether the FAA engaged in a "prohibited personnel practice" such that the CSRA still applies). But in general, the agency "has its own procedural framework for the resolution of claims." *Id.* at 513.

Still, whether Tozer's claim may be brought under the CSRA is irrelevant to its exclusivity as a remedial pathway, and in turn, to whether that claim may be brought under the APA. *Filebark v. U.S. Dep't of Transp.* 555 F.3d 1009, 1014 (D.C. Cir. 2009) ("Far from saving an APA claim, Congress's exemption of [the FAA] from the CSRA signals . . . that Congress intended to provide these employees with no judicial review"). Litigants cannot get "greater rights than were available under the CSRA to employees who enjoyed rights under that statute" by repackaging their claims under the APA. *Graham*, 358 F.3d at 934. To avoid undermining this carefully crafted statutory scheme, the Court must reject Tozer's claim.

One final note: The FAA asks the Court to dismiss the Complaint with prejudice. *See* Mot. to Dismiss at 14. But dismissing for lack of subject matter jurisdiction must be without prejudice. *See Nat'l Am. Butterfly Ass'n*, 977 F.3d at 1253. And even if the Complaint were dismissed under Rule 12(b)(6), as the agency alternatively urges, the Court's conclusion would not change.[1] Dismissal with prejudice is proper only if no other facts consistent with the

---

[1] The D.C. Circuit's recent precedents uniformly dispose of these motions under Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g.*, *Am. Fed'n of Gov't Emps. v. Sec'y of Air Force*, 716 F.3d 633, 640 (D.C. Cir. 2013). But the APA is not a jurisdictional statute; subject matter jurisdiction comes from 28 U.S.C. § 1331, with the APA supplying the cause of action. *See Md. Dep't of Hum. Res. v. Dep't of Health & Hum. Servs.*, 763 F.2d 1441, 1445 n.1 (D.C.Cir.1985). From the start, the CSRA's comprehensiveness indicated that the personnel actions were "committed to agency discretion by law," and so were not subject to the APA at all. *Carducci v. Regan*, 714 F.2d 171, 174, 177 (D.C. Cir. 1983) (Scalia, J.) (quoting 5 U.S.C. § 701(a)(2) and resolving the case under 12(b)(6)). Later decisions suggested that the CSRA jurisdictionally bars APA claims. *See Fornaro v. James*, 416 F.3d 63, 68–69 (D.C. Cir. 2005); *Whitman*, 547 U.S. at 514. The Court follows recent binding precedent in resolving this case under Rule 12(b)(1), although the 12(b)(6) path would reach the same result.

Complaint could possibly cure the deficiency. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The Court cannot say the deficiencies are incurable here. *See Lucas v. Am. Fed'n of Gov't Emps.*, 151 F.4th 370, 379 (D.C. Cir. 2025).

**IV.**

For these reasons, the FAA's Motion to Dismiss will be granted. The Complaint will be dismissed without prejudice. A separate order will issue today.

2026.11.03
09:21:34 -05'00'

Dated: November 3, 2026

TREVOR N. McFADDEN
United States District Judge